UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL R. NAPERT,   )<br>   )<br>Plaintiff,   )<br>   )   Civil Action No.<br>v.   )   13-10530-FDS<br>   )<br>GOVERNMENT EMPLOYEES   )<br>INSURANCE COMPANY,   )<br>   )<br>Defendant.   )   | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a claim under the Massachusetts wage and hour laws. Jurisdiction is based on diversity of citizenship. Plaintiff Michael Napert contends that his employer, defendant Government Employees Insurance Company ("GEICO"), intentionally failed to pay him for overtime he worked as an adjuster. GEICO contends that (1) Napert does not have a claim for payment of regular hourly wages because he was not covered by the statute, and (2) his claim for overtime is substantially barred by the statute of limitations. GEICO has moved to dismiss for failure to state a claim. For the reasons set forth below, the motion will be granted in part and denied in part.

**I.   Background**

Michael Napert is a resident of Fall River, Massachusetts. (Compl. ¶ 3). Between January 1, 2010, and July 1, 2011, Napert was employed by GEICO as a property damage adjuster. (Compl. ¶¶ 5, 8). He was hired to appraise 4.1 cars per day over a five-day, 38.75-hour

workweek. (Compl. ¶ 9). He contends that he was unable to appraise 4.1 cars per day without beginning his day at 7:00 a.m., working through lunch and breaks, and ending no earlier than 4:30 p.m. *Id.* He contends that he never received additional pay for working more than 38.75 hours in a workweek. (Compl. ¶¶ 9, 11).

### A.   Procedural History

On January 22, 2013, Napert filed a complaint in Bristol Superior Court. GEICO removed the case to this Court on March 8, 2013.

The complaint alleges that Napert was "not an exempt employee" of GEICO "as defined under the Massachusetts General Laws." (Compl. ¶ 14). It alleges that GEICO failed to pay him for his time worked between 38.75 and 40 hours per week in violation of Mass. Gen. Laws ch. 149 §§ 148, 150. It also contends that GEICO failed to pay him overtime wages for working more than 40 hours per week in violation of Mass. Gen. Laws ch. 151, § 1A.[1] The complaint seeks damages, including treble damages where applicable, prejudgment interest, attorney's fees, and expenses.

GEICO has moved to dismiss for failure to state a claim upon which relief can be granted.

## II.   Analysis

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.

---

[1] Although the introduction to the complaint states that GEICO also violated "federal" wage and hour laws, there is no count asserting a federal claim.

1999)).  To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

### A.     Regular Hourly Wages

Defendant has moved to dismiss the plaintiff's claim that he is entitled to compensation under Mass. Gen. Laws ch. 149 § 148 for the hours that he worked each week in excess of 38.75 hours but under 40 hours.  Defendant contends that plaintiff has not adequately pleaded that he is an hourly wage employee protected by the statute.

To state a claim under ch. 149 § 148, a plaintiff must allege that (1) he was an employee under the statute, (2) his form of compensation constitutes a wage under the statute, and (3) the defendants violated the Act by not paying him his wages in a timely manner.  *Stanton v. Lighthouse Fin. Servs., Inc.*, 621 F. Supp. 2d 5, 10 (D. Mass. 2009).  Here, the complaint alleges that plaintiff was employed by GEICO; that he was a "not an exempt employee"; and that he was hired to appraise 4.1 cars per day over a five-day, 38.75 hour workweek .  (Compl. ¶ 9, 14).  It also alleges that GEICO failed to pay him for time worked between 38.75 and 40 hours in a workweek.  (Compl. ¶ 15).

While the amended complaint is far from a model of perfect pleading, it is nonetheless sufficient to satisfy the minimum requirements of the Federal Rules of Civil Procedure. The allegation that plaintiff is a non-exempt employee is at least plausible, and that is enough to survive a motion to dismiss. Accordingly, defendant's motion to dismiss the regular hourly wage claim will be denied.[2]

Plaintiff's opposition includes an extended discussion of the non-applicability of the "fluctuating workweek method of calculating overtime for nonexempt salaried employees." (Opp. at 5-9).[3] It is not clear whether plaintiff intended this argument to be applicable to his regularly hourly wage claim, his overtime claim, or both. Regardless, the Court need not reach it at this time. Whether the fluctuating workweek method of calculating overtime would apply or not, the question at the present moment is whether the complaint states a claim. Having found that it does, the Court need not address the exact amount of overtime premium, if any, to which plaintiff is entitled.

In its reply brief, defendant raises an additional ground for dismissal—that plaintiff's claim for overtime wages should be dismissed because no set of facts could make his claim of

---

[2] Plaintiff submitted eleven pages of payroll stubs with his opposition. The payroll stubs were not included with or referred to in the amended complaint. Plaintiff contends that these exhibits "prov[e] the fact that [d]efendant paid [p]laintiff a premium for hours worked over 38.75 and less than 40." (Opp. at 5).

Under Rule 12(b)(6), the district court may consider only facts and documents that are part of or incorporated into the complaint; if materials outside the pleadings are considered, the motion must be converted to a motion for summary judgment. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008).

Here, the complaint alleges that plaintiff began working as a property damage adjuster for GEICO on January 1, 2010. (Compl. at ¶ 5). Every payroll stub attached to plaintiff's opposition is dated 2009. Accordingly, these payroll stubs could not be related to plaintiff's work as a property damage adjuster for GEICO. Because the payroll stubs were not part of or incorporated into the complaint, and precede the relevant work period, the Court will not consider them.

[3] Plaintiff again relies on the payroll stubs to demonstrate that his "pay varied from week to week for non-overtime hours, [hence] the fluctuating work week cannot apply." (Opp. at 8).

4

non-exempt status plausible. (Reply at 2-3).[4] Defendant points to 29 C.F.R. § 541.203(a), a regulation under the Fair Labor Standards Act, which provides that insurance claim adjusters are generally exempt from the Act's minimum wage and overtime requirement. Because "Massachusetts law mirrors federal law with respect to the definition of exempt employees and the overtime pay provisions," *O'Donnell v. Robert Half Int'l, Inc.*, 250 F.R.D. 77, 80 n.1 (D. Mass. 2008), defendant contends that plaintiff is covered by the regulatory exemption and cannot recover under that Act's protections.

Defendant also points to a recent decision of the District of Columbia Circuit, in which the court held that "the primary duty of GEICO's auto damage adjusters include the exercise of discretion and independent judgment, and thus they come within the administrative-employee exemption from the overtime pay requirements of FLSA." *Smith v. Gov't Employees Ins. Co.*, 590 F.3d 886, 897 (D.C. Cir. 2010). In so ruling, the court noted that it joined a number of other circuit courts in upholding the application of the administrative employee exemption to claims-processing employees. *Id.* (citing *Roe-Midgett v. CC Services, Inc.,* 512 F.3d, 865 875 (7th Cir. 2008) (citing *In re Farmers Ins. Exch., Claims Representatives' Overtime Pay Litig.*, 481 F.3d 1119, 1132 (9th Cir. 2007); *Cheatham v. Allstate Ins. Co.,* 465 F.3d 578, 585-86 (5th Cir.2006); *McAllister v. Transamerica Occidental Life Ins. Co.,* 325 F.3d 997, 998, 1001 (8th Cir.2003)). The *Smith* case, however, was an appeal from a decision granting summary judgment, and its

---

[4] Defendant's legal argument was not raised in its initial memorandum of law, but rather in its reply memorandum. "The purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum." *See Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010) (citing *Wills v. Brown University,* 184 F.3d 20, 27 (1st Cir. 1999). Rather, "[r]eply memorandums in support of dispositive motions are limited to rebuttal of factual and legal arguments raised in the opposition." *See Noonan*, 723 F. Supp. 2d at 349 (citing *Rivera Concepcion v. Puerto Rico,* 682 F.Supp.2d 164, 170 (D.P.R. 2010)). Where, as here, a moving party raises an argument for the first time in a reply brief, that argument is waived. *EnergyNorth Natural Gas, Inc. v. Century Indemnity Co.,* 2007 WL 776124, *1 (D.N.H. March 15, 2007) ("[a]rguments raised for the first time in a reply brief, however, are waived") (citing *Wills*, 184 F.3d at 27)).

application in the context of a motion to dismiss is thus limited.

Defendant's arguments may, of course, ultimately prove meritorious.  Nonetheless, the question here is whether the complaint fails to state a claim upon which relief can be granted, not whether summary judgment is appropriate.  At this stage in the proceeding, plaintiff has pleaded his claim sufficiently to survive a motion to dismiss.

### B.  Overtime Wages

Defendant has also moved to dismiss plaintiff's claim for overtime wages.  Defendant contends that Mass. Gen. Laws ch. 151 § 20A provides a two-year limitations period for suits to recover for unpaid overtime.  Defendant contends that plaintiff is therefore not entitled to any alleged overtime hours worked before January 22, 2011.

Plaintiff does not dispute that the statute of limitations bars overtime claims for the period before January 22, 2011.  (Opp. at 10).  As a result, plaintiff may not assert an overtime claim for work prior to January 22, 2011.  Accordingly, defendant's motion to dismiss plaintiff's claim for overtime wages will be granted as to time worked prior to January 22, 2011, and otherwise denied.

## III.  Conclusion

For the foregoing reasons, defendant's motion to dismiss Count I is DENIED. Defendant's motion to dismiss Count II is GRANTED as to any claim accruing prior to January 22, 2011, and otherwise DENIED.

**So Ordered.**

                                                    /s/ F. Dennis Saylor
                                                    F. Dennis Saylor IV
                                                    United States District Judge

Dated:  August 1, 2013